UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROGESTE JEAN-CHARLES, et al. | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 3:15-cv-1165 |
| | ) Judge Crenshaw |
| PROGRESS, INC. | ) Magistrate Judge Bryant |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT**

Defendant Progress Inc. have reached a comprehensive settlement in this case, subject to this Court's approval. They have filed a Joint Motion for Approval of their proposed Settlement Agreement simultaneously herewith. For the reasons that follow, the Parties' motion should be **GRANTED.**

**I.  SUMMARY OF SETTLEMENT TERMS**

The parties' settlement agreement (the "Agreement") contains several salient components. Those components include (1) payments to Plaintiffs based upon their time of employment with Defendant in exchange for releases and dismissals; (2) payment of Plaintiffs' attorney's fees and expenses, and (3) dismissal of this case with prejudice. In summary, this Agreement requires payments of up to $160,000 to the Plaintiffs and payment of $90,000 as reimbursement for Plaintiffs' reasonable attorney's fees and litigation expenses. A copy of the Agreement is attached as **Exhibit A**.

### A. Payment to Plaintiffs

As part of the Agreement, Progress will pay an aggregate gross amount of $160,000 to the Plaintiffs for uncompensated overtime hours worked paid *pro rata* based on the length of time they worked for Progress and when they worked there, as more fully explained in the Agreement.

The payments to Plaintiffs constitute wages subject to all tax and other withholdings Progress deducts in the ordinary course of business from its payment of wages to its employees. The amount of such withholdings will be based upon the most recent tax information Progress has on file for each of the Plaintiffs. Progress will pay the employer's portion of payroll taxes, such as FICA, related to these settlement payments. Plaintiffs Rogeste Jean-Charles, Francisco Franco and Oscar Denning will also each receive an additional $1,000.00 for their efforts in serving as the lead Plaintiffs in this action. Progress will not treat the $1,000.00 payments to the three Plaintiffs as wage payments and, therefore, will not make any deductions from these payments.

In exchange for Progress making these payments, the Plaintiffs agree to release Progress and various related entities and persons from claims for unpaid wages, compensatory or punitive damages, liquidated damages, costs, attorney's fees, and any other relief under the Fair Labor Standards Act ("FLSA"), any Tennessee state law regarding wages, or any other claims including but not limited to breach of contract, fraud or retaliation. Plaintiffs also consent to the dismissal of their claims in this litigation with prejudice. Further, Plaintiffs have agreed to not seek any sort of collective or class action in this case (and they withdraw and/or agree not to pursue any such pending motion) because the individual nature of Plaintiffs' work for Defendant makes any such class or collective action unwarranted.

### B. Attorneys Fees and Expenses

As part of the Agreement, Progress agrees to pay Plaintiffs' attorneys' fees and expenses in the amount of $90,000. To date, Plaintiffs have incurred $116,100 in attorney's fees, and have incurred approximately $500 in litigation expenses. Progress's $90,000 payment for Plaintiffs' attorney's fees reimburses Plaintiffs for attorney's fees and expenses already incurred, as well as for all fees and expenses to be incurred through the administration and completion of the settlement addressed herein.

## II. THE AGREEMENT SHOULD BE APPROVED BY THIS COURT

Courts review settlements under the FLSA to ensure they are fair and reasonable. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC,* No. 1:12-CV-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, 2012 U.S. Dist. LEXIS 166383, at *13 (E.D.N.Y. Nov. 16, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, 2012 U.S. Dist. LEXIS 144816, at *17 (C.D. Cal. Oct. 5, 2012). *Cf. O'Brien v. Ed Donnelly Enters.,* 575 F.3d 577, 584 (6th Cir. 2009) The FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona fide* dispute between the parties. *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 U.S. Dist. LEXIS 181808, at *4-5 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878; *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *17-19.

### A. The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.

Here, the parties' proposed settlement clearly represents a fair and reasonable compromise. First, the parties plainly have *bona fide* disputes over the issues in this litigation,

3

including: (i) whether Plaintiff's claims were encompassed by the FLSA and if they were, when those claims arose; (ii) whether Progress's pay practices resulted in the Plaintiffs, being paid for all compensable time in accordance with the FLSA; (iii) the amount of time Plaintiffs worked; (iv) the applicable statute of limitations under the willfulness standard of 29 U.S.C. § 255; and (v) the proper method for calculating damages.

The parties have contested these issues and would continue to do so absent a settlement. Under the circumstances, there is little question that the settlement represents a fair and reasonable compromise of contested claims.

### B. The proposed payment by Defendant of Plaintiffs' fees and expenses is reasonable and should be approved as part of the proposed settlement.

The FLSA contains a fee-shifting provision that provides that the prevailing party shall recover reasonable attorney's fees and litigation costs. *See* 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is *mandatory*, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, 1993 WL 659253, *3 (N.D. Ohio 1993) (citing *United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)) (emphasis added).

The federal courts have long recognized the profound importance of plaintiffs' right to recover attorney's fees under the FLSA. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"); *Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). Thus, there is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable.

"Before approving a settlement, a district court must conclude that it is fair, reasonable and adequate." *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). As part of this determination, the Court must also determine that the plaintiffs' proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.,* 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.,* 588 F.2d 246, 252 (8th Cir. 1978).

Here, as part of the proposed settlement, the parties have agreed that Defendant will pay $90,000 for Plaintiffs' fees and expenses. To date, Plaintiffs have incurred $116,100.00 in fees, based on reasonable hourly rates used by their counsel in statutory fee-shifting litigation. Additionally, they have incurred approximately $500.00 in expenses related to this litigation.

The parties submit that, considering the work performed in this litigation and the work required to administer this settlement, payment of $90,000 for Plaintiffs' fees and expenses is fair and reasonable.

### III. CONCLUSION

For the reasons stated above, the parties hereby jointly request that the Court approve the settlement of this matter by entering the proposed order attached hereto.

Respectfully Submitted,

/s/ Douglas R. Pierce
Douglas R. Pierce, No. 010084
Richard C. Lowe, No. 005692
315 Union Street, Suite 1100
Nashville, TN 37201
Phone: (615) 259-3456
Fax: (615) 726-5417

*Attorneys for Progress Inc.*

/s/ Bryant Kroll
Gary Blackburn, No. 03484
Bryant Kroll, No. 33394
THE BLACKBURN FIRM
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
(615) 254-7770

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2016, a copy of the foregoing document was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon the parties as indicated below through the Court's ECF system.

**Gary Blackburn
213 Fifth Avenue North, Suite 300
Nashville, TN 37219**

/s/ Douglas R. Pierce
Douglas R. Pierce