# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is entered into between Plaintiffs Rogeste Jean-Charles, Francisco Franco, Oscar Denning, Barbara Gibbons, Bobbie Williams, Thelma Fox Okello, Beth Wilson, Derrick Carter, Tony Carlew, Shamaine Wilson, Chasan Jones-Samuels, Whitney Bonner, Melville Arueyingho, Norver Lawrence, Ruby Paschall, Quintina Miller, Shirley Davis, Doreen Cooke, Kimala Petty, Latonya Dotson, and Sandra Watson ("Plaintiffs"), and Progress Inc. ("Defendant").

1. <u>The Lawsuit</u>. The case of Rogeste Jean-Charles, et al., v. Progress, Inc., No. 3:15-cv-1165 (M.D. Tenn.) (the "Lawsuit") was brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), as well as under Tennessee state law, by and on behalf of current and former employees who work, or worked, for Defendant as hourly-paid care companions employed by Defendant in and around the Nashville, Tennessee area. Plaintiffs claim that Defendant failed to pay them for all time worked, including overtime work, as required by the FLSA and breach of contract. Plaintiffs also made claims of retaliation and fraud. Defendant denies all Plaintiffs' allegations and denies that it engaged in any wrongful conduct, including any allegations of fraud or retaliation. Specifically, Defendant states that it has properly paid for all time worked, including overtime, to the extent required by FLSA and state law, and that it was and is entitled to an FLSA exemption under 29 C.F.R. § 552.109(a).

2. <u>Summary of Discovery, Expert Analysis, and Negotiations</u>. The parties to this action have conducted significant written discovery.

3. <u>No Admission of Liability</u>. The parties agree this Agreement and their settlement do not constitute an admission of liability by Defendant or an admission that Defendant has

1

EXHIBIT 4

violated any provision of the FLSA, Tennessee law or any other law, breached of contract and/or has in any way engaged in wrongful conduct. The parties specifically agree there is no evidence of any willful violation of the FLSA. Rather, the parties agree that this is a compromise of disputed claims for which Defendant denies all liability. Nonetheless, without admitting or conceding any liability or damages, or the validity of Plaintiffs' complaints, and to avoid the burden, expense and uncertainty of continuing litigation, Defendant has agreed to settle Plaintiffs' claims.

4. <u>Court Approval of Settlement</u>. The parties agree to submit a joint motion seeking Court approval of this Agreement, including Defendant's agreement to pay Plaintiffs' attorneys' fees in accordance with 29 U.S.C. § 216(b). The parties further agree that Plaintiffs' Motion for collective action certification is withdrawn.

5. <u>Payments to Plaintiffs.</u> In exchange for the releases and promises set forth in this Agreement, and subject to the terms of this paragraph and to the Court approving this Agreement, Defendant will make payments to each Plaintiff and under the schedule attached to this Agreement as **Exhibit 1**. Together, these payments total $160,000.00. These payments were calculated as follows:

(A). Six (6) Plaintiffs resigned prior to August 21, 2015,[1] and will receive an award of nominal damages in the amount of $500, for a total of $3000.00

---

[1] One of the challenging legal issues in this case was determining the effective date of the FLSA Dept. of Labor rule that is central to this case. Prior to January 1, 2015, Plaintiffs were exempt employees under the FLSA. The DOL amended 29 C.F.R. § 552.109 to provide that third-party employers such as Progress, Inc., could not avail themselves of the FLSA exemption, with an effective date of Jan. 1, 2015 for the new DOL interpretation. In <u>Home Care Ass'n of Am. v. Weil</u>, 76 F.Supp.3d 138 (D.D.C. 2014), the United States District Court for the District of Columbia vacated the DOL rule. The D.C. Court of Appeals reversed the district court's *vacatur* on August 21, 2015. <u>Home Care Ass'n of Am., et al v. Weil</u>, 799 F.3d 1084 (D.C. Cir. 2015).

2

(B) The remaining fifteen (15) Plaintiffs consist of ten (10) current employees and five (5) who resigned on various dates after August 21, 2015. These Plaintiffs will receive an award of damages commensurate with their length of employment between August 21, 2015 and their date of resignation. A "daily rate" was calculated using the following formula:

(i) Current employees' awards were calculated as 350 days, which represents the period of time between August 21, 2015 and August 5, 2016. There are ten current employees, for a total of 3500 collective working days.

(ii) Between the ten (10) current employees and the five (5) Plaintiffs who have resigned after August 21, 2015, there are a collective 4496 days of work. One hundred fifty four thousand dollars ($154,000.00) divided by 4496 days yields a daily rate of $34.25. The daily rate was then multiplied by the days each employee has worked since August 21, 2015.

(C) Plaintiffs Rogeste Jean-Charles, Francisco Franco, and Oscar Denning receive an additional one thousand dollars ($1000) as an incentive for being the first three Plaintiffs willing to file suit and represent a class of similarly situated individuals.

6. <u>Check Distribution</u>: Defendant will prepare a separate check made payable to each individual listed on **Exhibit 1**, subject to applicable withholdings as set forth below. Defendant will deliver the checks to Plaintiffs' counsel within thirty (30) days of the Court entering an order approving this Agreement. If any Plaintiff fails, refuses or otherwise does not execute this Agreement, within 30 days of the Court's approval of this Agreement, the Agreement shall be valid as to all Plaintiffs who do execute it and Plaintiffs' counsel shall return to Progress the check of any Plaintiff who does not execute this Agreement. Any Plaintiff may

3

execute the Agreement by having his attorney execute it so long as such Plaintiff has authorized his lawyer to execute the Agreement by way of a valid Power of Attorney, and each such Power of Attorney shall be provided with the executed copy of this Agreement.

7. <u>Payment of Attorney's Fees and Expenses</u>. In exchange for the releases and promises set forth in this Agreement, subject to the Court's approval of the settlement, and after Plaintiffs have executed this Agreement, Defendant agrees to pay Plaintiffs' attorneys' fees and expenses in the total amount of $90,000.00, made payable to The Blackburn Firm, PLLC. This amount is reasonable because the Blackburn Firm, PLLC advanced the costs of the litigation, and each of the twenty-one (21) Plaintiffs agreed to a contingency fee of 40%, or court-awarded attorney's fees, whichever was greater but not both. Because this case was settled early and the risks of litigation were reduced, Plaintiffs counsel agreed to reduce the attorney's fees by ten thousand dollars ($10,000), during the judicial settlement conference as an inducement to Plaintiffs for early settlement.

Plaintiffs' counsel will provide Defendant's counsel with the tax-payer identification numbers for Plaintiffs' counsel, as well as an executed W-9 form. Defendant will issue a Form-1099 to the Blackburn Firm in connection with these payments.

If there are any Plaintiffs who do not execute the Agreement within 30 days of Court approval, the payment of attorneys' fees shall be subject to a pro rata reduction of $.5625 for every dollar otherwise payable hereunder not accepted by any Plaintiff because he or she did not execute the Agreement.

8. <u>Tax Treatment of Settlement Payments</u>: The payments to Plaintiffs set forth in **Exhibit 1** will constitute wages subject to all tax and other payroll withholdings Defendant deducts in the ordinary course of business from its payment of wages to its employees, and based

4

upon the information provided by each Plaintiff on the most recent tax forms Defendant possesses for each Plaintiff from the Plaintiff's employment with Defendant. All such payments will be reported on Internal Revenue Service Form W-2. Provided, however, that the three $1,000 payments explained in paragraph 5(c) are not wages and no such deduction shall be made from these three payments.

9. <u>Release</u>. Plaintiffs release their claims against Defendant, for all such claims arising on or before the date of the execution of this Agreement, as follows: Plaintiffs, on behalf of themselves, as well as their heirs, estates, executors, administrators, assigns, transferees, and representatives, release, promise not to sue, and forever discharge Defendant, as well as its predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, donors, heirs, attorneys, and assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) (collectively "Releasees") from any cause of action, claims, debts, wages contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid wages, compensatory or punitive damages, liquidated damages, costs, attorney's fees, and any other relief under the FLSA, Tennessee state law, breach of contract and/or any other laws regarding unpaid or underpaid wages or benefits.

10. <u>Dismissal with Prejudice</u>. In consideration for the promises set forth in this Agreement, Plaintiffs agree that the Lawsuit will be dismissed with prejudice upon Defendant's delivery to Plaintiffs' counsel of all the individual Plaintiffs' settlement checks and the attorneys' fees check.

11. <u>Undeliverable Checks</u>. Plaintiffs' counsel will be responsible for distributing all checks to the Plaintiffs. The Plaintiffs will have ninety days from the date Defendant issues the

5

checks to negotiate them. All funds from unclaimed settlement checks, including but not limited to checks that are returned or not negotiated, will revert to Defendant if the checks are not negotiated within ninety days from the date that the check is issued.

12. <u>Severability of Provisions</u>. The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

13. <u>Knowing and Voluntary Waiver</u>. The parties acknowledge and agree that, before entering into this Agreement, they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the parties have not relied on any representations or warranties made by the parties, other than the representations and warranties expressly set forth in this Agreement.

14. <u>Dispute Resolution</u>. The Parties intend for any disputes regarding this Agreement to only be heard by the Court.

15. <u>Choice of Law</u>. The enforcement of this Agreement shall be governed, and interpreted, by, and under, the laws of the State of Tennessee.

16. <u>Amendment to Agreement</u>. To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the parties, and then only to the extent set forth in such written amendment.

17. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the parties concerning the subjects included herein.

18. <u>Captions</u>. The captions or headings of the Paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation

of any part of this Agreement.

19. <u>When Agreement Becomes Effective; Counterparts</u>. This Agreement shall become effective upon execution by all parties and approval by the Court. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

20. <u>Facsimile and Electronic Signatures</u>. Execution by facsimile and/or electronic mail shall be deemed effective as if executed in original.

21. <u>Signatories</u>. Each person executing this Agreement warrants and represents such person has the authority to do so.

22. <u>Representation of Parties</u>. All parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel.

23. <u>Binding Effect</u>. The Agreement will be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

27. <u>No Other Liability; No Representations</u>. Other than the amount of Defendants' liability for the employer's portion of any applicable state, federal and local payroll taxes due as a result of wage payments, Defendant shall not be liable to pay additional money or contribute any additional amounts for taxes that result from payments made pursuant to this Agreement. All parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law.

28. <u>Prior Assignments</u>. The parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign,

7

transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged herein.

29. <u>Waiver of Administrative Claims</u>. To the extent any claim waived or released by this Agreement is currently or subsequently also the subject of any state or federal investigation, enforcement, or compliance action, Defendant may rely upon the settlement amount as a complete accord and satisfaction and as a full payment of any amount otherwise assessed by a federal, state or local administrative agency or authority.

30. <u>Confidentiality.</u> For a period of time to expire twelve (12) months after the Court's final approval of this settlement, Plaintiffs' Counsel, the Plaintiffs, Defendant's Counsel, and Defendant agree that they shall not disclose, issue or cause to be issued any press release or communication, nor any internet posting, and shall not otherwise communicate with any media or media representative, including but not limited to electronic or digital media, information regarding the claims asserted against the Defendant, this Agreement, or the amount of money paid to resolve the Lawsuit against Defendant, except as provided in this paragraph. If contacted by the press or other forms of media, Plaintiffs' Counsel, the Plaintiffs, Defendant's Counsel, or Defendant, may state that the matter has been resolved to the satisfaction of all parties, who believe that the settlement reflects a fair and reasonable resolution of the disputed claims.

[Signatures on Following Page]

On behalf of Progress, Inc.:

| | | | |
|---|---|---|---|
| Rogeste Jean-Charles | DATE | TITLE | DATE |
| Francisco Franco | DATE | | |
| Oscar Denning | DATE | | |
| Barbara Gibbons | DATE | | |
| Bobbie Williams | DATE | | |
| Thelma Fox Okello | DATE | | |
| Beth Wilson | DATE | | |
| Derrick Carter | DATE | | |
| Tony Carlew | DATE | | |
| Shamaine Wilson | DATE | | |
| Chasan Jones-Samuels | DATE | | |
| Whitney Bonner | DATE | | |
| Melville Arueyingho | DATE | | |
| Norver Lawrence | DATE | | |

| Ruby Paschall | DATE |

| Quintina Miller | DATE |

| Shirley Davis | DATE |

| Doreen Cooke | DATE |

| Kimala Petty | DATE |

| Latonya Dotson | DATE |

| Sandra Watson | DATE |

| Gary Blackburn | DATE |

Gary Blackburn
Bryant Kroll
THE BLACKBURN FIRM
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
Telephone: (615) 254-7770
Facsimile: (866) 895-7272
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com

*Attorneys for Plaintiffs*

| Richard C. Lowe | DATE |

Richard C. Lowe
Douglas R. Pierce
Howard M. Kastrinsky
KING & BALLOW
315 Union Street
Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (888) 688-0482
rlowe@kingballow.com
dpierce@kingballow.com
hmk@kingballow.com

*Attorneys for Defendant*

| Employee | Hiring Date | Employment Status/ Date of Resignation | DAYS BETWEEN Aug. 21, 2015 and Resignation Date | Days x $34.344 per day |
|---|---|---|---|---|
| Barbara Gibbons | 5/31/06 | Current | 350.00 | $11,988.43 |
| Beth Wilson | 5/8/13 | Resigned 8/7/15 | 0.00 | $500.00 |
| Bobbie Williams | 11/6/13 | Resigned 5/30/16 | 283.00 | $9,693.51 |
| Chasan Jones-Samuels | 7/18/12 | Resigned 1/31/16 | 163.00 | $5,583.19 |
| Derrick Carter | 10/2/11 | Resigned 9/11/2015 | 21.00 | $719.31 |
| Doreen Cooke | | 11/30/13 | 0.00 | $500.00 |
| Francisco Franco* | 3/29/11 | Current | 350.00 | $12,988.43 |
| Kimala Petty | 10/3/13 | Current | 350.00 | $11,988.43 |
| Latonya Dodson | | Resigned 5/31/13 | 0.00 | $500.00 |
| Melville Arueyingho | 1/28/14 | Current | 350.00 | $11,988.43 |
| Norver Lawrence | 9/10/14 | Current | 350.00 | $11,988.43 |
| Oscar Denning* | 4/16/08 | Current | 350.00 | $12,988.43 |
| Quintina Miller | 3/20/13 | Resigned 12/15/15 | 0.00 | $500.00 |
| Rogeste Jean-Charles* | 10/24/13 | Current | 350.00 | $12,988.43 |
| Ruby Paschall | 7/16/08 | Resigned 7/31/15 | 0.00 | $500.00 |
| Sandra Watson | 4/18/12 | Current | 350.00 | $11,988.43 |
| Shamaine Wilson | 12/5/14 | Current | 350.00 | $11,988.43 |
| Shirley Davis | 10/13/10 | Resigned 11/16/14 | 0.00 | $500.00 |
| Thelma Fox Okello | 1/2/15 | Resigned 4/18/16 | 241.00 | $8,254.89 |
| Tony Carlew | 9/14/11 | 6/4/16 | 288.00 | $9,864.77 |
| Whitney Bonner | 3/19/14 | Current | 350.00 | $11,988.43 |
| | | | 4496.00 | $160,000.00 |

* Plaintiffs who receive $1000 additional amount for willingness to be class representatives.

4496 days divided by   $154,000.00
Equals a Daily Rate of $34.25



EXHIBIT 1

Case 3:15-cv-01165   Document 44-1   Filed 08/25/16   Page 11 of 11 PageID #: 343